UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF FLORIDA

| NATHAN CARTER, an individual, | Case No.: |
|---|---|
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | Violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301, et seq. |
| JOCE LLC, a Florida Limited Liability Company, d/b/a/ Five Bucks Drinkery Seminole, | Filing Fee Waived Pursuant to 38 U.S.C. § 4323(h) |
| Defendant. | Demand for Jury Trial |

COMES NOW Plaintiff Nathan Carter ("Plaintiff"), by and through counsel, for their Complaint against the Defendants, hereby state as follows:

**NATURE OF ACTION**

1. This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et. seq.* ("USERRA"). It is brought by Plaintiff against Defendant JOCE, LLC doing business as Five Bucks Drinkery Seminole ("Five Bucks").

1

## PARTIES

1.      Plaintiff Nathan Carter ("Plaintiff") is a citizen of the United States and a resident of Seminole, Pinellas County, Florida. Plaintiff was employed by Five Bucks as a Line Cook at Defendant's restaurant located at 7498 Seminole Boulevard, Seminole, Florida 33772. At all times relevant herein, Plaintiff was a Specialist (E-4) in the United States Army Reserve ("USAR"), assigned as an Information Technology Specialist (MOS 25B) with the 4th Joint Communications Support Element ("4th JCSE"), headquartered at MacDill Air Force Base, Tampa, Florida.

2.      At all relevant times, Plaintiff was a qualified employee and member of the uniformed services for purposes of 38 U.S.C. § 4303(3), (13), and (16).

3.      Plaintiff is informed, believes, and alleges based on that information and belief that Defendant, JOCE, LLC is a Florida Limited Liability Company registered to do business in the State of Florida and doing business as Five Bucks Drinkery Seminole, with its principal place of business located at 7498 Seminole Boulevard, Seminole, Florida 33772. At all relevant times herein, Defendant was an employer within the meaning of 38 U.S.C. § 4303(4) (A).

4.      Whenever and wherever references is made in this complaint to individuals who are not named as defendants, but who are employees,

2

managers, supervisors, officers, or agents of Defendant, such individuals were acting within the course and scope of their employment and agency with Defendant.

5. Whenever and wherever reference is made in this Complaint to the conduct of Defendant, such allegations shall be deemed to mean the conduct of Defendant acting through its officers, managers, supervisors, employees, and agents acting within the course and scope of their employment.

## JURISDICTION AND VENUE

6. This action arises under USERRA, 38 U.S.C. §§ 4301 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b) (3).

7. Venue is proper in the Middle District of Florida pursuant to 38 U.S.C. § 4323(c) (2) and 28 U.S.C. § 1391 because Defendant conducts business within this District, Plaintiff was employed within this District, and the unlawful employment practices giving rise to this action occurred in Pinellas County, Florida.

8. Pursuant to 38 U.S.C. § 4323(h), no filing fee or court costs may be charged or taxed against any person claiming rights under USERRA.

## FACTUAL ALLEGATIONS

9. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-8 as though fully set forth herein.

10. Plaintiff enlisted in the United States Army Reserve ("USAR") on or about April 13, 2023.

11. As a member of the USAR, Plaintiff is required to perform periods of military service, including monthly Battle Assembly, annual training, military school training, and other periods of active duty or inactive duty training as directed by the United States Army.

12. Plaintiff's military service obligations are mandatory. As a member of the USAR, Plaintiff is legally required to report for military duty when ordered to do so.

13. During February 2026, Defendant hired Plaintiff as a Line Cook.

14. Plaintiff began his employment with Defendant on or about February 17, 2026.

15. Plaintiff was hired at an hourly wage of approximately seventeen dollars ($17) per hour.

16. Defendant represented to Plaintiff that he would generally work between thirty-five (35) and forty (40) hours per week.

17.    Prior to accepting employment, Plaintiff informed Defendant that he served in the USAR and would be required to attend monthly Battle Assembly ("drills") at least one weekend each month

18.    Defendant acknowledged Plaintiff's recurring military obligations and hired Plaintiff with full knowledge of these obligations.

19.    During December 2025, Plaintiff completed a transfer from a USAR unit located in Massachusetts to the 4th Joint Communications Support Element headquartered at MacDill Air Force Base in Tampa, Florida.

20.    Plaintiff attended his first drill with his new unit during the weekend of February 20, 2026.

21.    While attending drill Plaintiff was informed he would be required to complete approximately twenty (20) additional days of military duty to satisfy his required military training obligations.

22.     Plaintiff learned of these additional military obligations only after attending February drill. Plaintiff promptly notified Defendant as soon as practicable after receiving that information.

23.    Plaintiff contacted his kitchen manager by telephone on or around February 21, 2026 and explained that he had just been informed that he would be required to perform approximately twenty (20) days of mandatory military duty in addition to his regularly scheduled drill.

24. Plaintiff explained that the additional military duty was mandatory and that he only recently learned of the requirement.

25. Defendant's kitchen manager advised Plaintiff that he would return Plaintiff's call in approximately five (5) minutes.

26. Approximately five (5) minutes later, Defendant's manager telephoned Plaintiff and stated, in substance; "Nate, you've worked for us for about two days, and now you're telling me you're not going to be able to work for about three weeks during one of the busiest times of the year. We only knew about your one weekend a month for military drill when we hired you. This wasn't discussed, and because of that, we're going to have to let you go."

27. Plaintiff responded that he had only recently learned of the additional mandatory military duty and advised Defendant's kitchen manager that federal law prohibited terminating an employee because of required military service obligations.

28. Despite having actual knowledge that Plaintiff's absence was required by his military obligations and despite Plaintiff's objection that such termination was unlawful, Defendant terminated Plaintiff's employment effective immediately.

29. At the time Defendant terminated Plaintiff, Plaintiff had worked for Defendant for only a matter of days and had not been disciplined, counseled, or advised that his work performance was deficient in any respect.

6

30.   Defendant terminated Plaintiff because of his obligation to perform military service.

31.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost wages, lost employment benefits, and other damages recoverable under USERRA.

**FIRST CAUSE OF ACTION**
**Violations of the Uniformed Services Employment and Reemployment Rights Act 38 U.S.C. § 4311**

32.   Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 31 above as though fully set forth herein.

33.   Congress enacted USERRA to encourage noncareer military service by eliminating or minimizing the disadvantages to civilian employment that result from military service obligations and to prohibit discrimination against persons because of their service in the uniformed services. 38 U.S.C. § 4301(a).

34.   Section 4311(a) of USERRA provides, in relevant part, that a person who is a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service, shall not be denied initial employment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, performance of service, or obligation to perform military service.

35.     Section 4311(c) (1) further provides that an employer engages in unlawful discrimination if an employee's membership in the uniformed services or obligation to perform military service is a motivating factor in the employer's adverse employment action, unless the employer proves that the action would have been taken in the absence of such military status or obligation.

36.     USERRA is to be liberally construed for the benefit of those who have left private life to serve their country in the uniformed services.

37.     Plaintiff was, at all relevant times, a member of the USAR and an individual protected by USERRA.

38.     Defendant knew Plaintiff was a member of the USAR before hiring him.

39.     Defendant also knew, prior to Plaintiff's termination, that Plaintiff's absence from work would be the result of mandatory military service obligations required by the USAR.

40.     Plaintiff timely notified Defendant of his military obligations immediately after learning of the additional required military duty.

41.     USERRA does not require an employee to obtain an employer's permission before performing military service. Rather, an employee need only provide advance notice of military service, which may be verbal or written and need not follow any particular format. *See* 20 C.F.R. §§ 1002.85 and 1002.87.

42. Plaintiff fully complied with his obligations under USERRA by promptly notifying Defendant after learning of his required military duty.

43. Defendant nevertheless terminated Plaintiff because of his obligation to perform military service.

44. Defendant expressly advised Plaintiff that his employment was being terminated because he would be unavailable to work during one of Defendant's busiest periods due to his military obligations.

45. Defendant's knowledge of Plaintiff's military status, the close temporal proximity between Plaintiff's notification of his military obligations and his termination, and Defendant's own statements establish that Plaintiff's military service obligations were at least a motivating factor in Defendant's decision to terminate Plaintiff's employment.

46. Defendant denied Plaintiff the benefit of continued employment because of Plaintiff's military service obligations in violation of 38 U.S.C. § 4311.

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including, but not limited to, lost wages, lost employment benefits, loss of future earnings, and other damages recoverable under USERRA in an amount to be proven at trial.

48.     Plaintiff specifically advised Defendant during the termination conversation that federal law prohibited terminating an employee because of required military service obligations.

49.     Despite being placed on notice of Plaintiff's federally protected rights, Defendant nevertheless proceeded to terminate Plaintiff's employment because of those military service obligations.

50.     Plaintiff alleges such violations of USERRA were knowing and requests liquidated damages in an amount equal to the amount of his lost wages and other benefits, or $50,000.00, whichever is greater, pursuant to 38 U.S.C. §4323(d)(1)(D)..

51.     Pursuant to 38 U.S.C. § 4323(d)(1)(C), Plaintiff further requests an award of prejudgment interest.

52.     Pursuant to 38 U.S.C. § 4323(h), Plaintiff requests an award of reasonable attorneys' fees, expert witness fees, litigation expenses, and costs incurred in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgement against Defendant as follows:

A.     Declare that Defendant's acts and practices complained of herein are unlawful and violate USERRA, 38 U.S.C. §§ 4301 *et seq.*;

10

B.    Award Plaintiff all lost wages, employment benefits, and other compensation denied as a result of Defendant's unlawful conduct;

C.    Award Plaintiff front pay and all other equitable relief authorized by USERRA;

D.    Award Plaintiff prejudgment interest on all lost wages and employment benefits;

E.    Award Plaintiff liquidated damages in an amount equal to the amount of lost wages and employment benefits or fifty thousand dollars ($50,000), whichever is greater, resulting from Defendant's knowing violation of USERRA pursuant to 38 U.S.C. § 4323(d)(1)(D);

F.    Award Plaintiff reasonable attorneys' fees, expert witness fees, litigation expenses, and costs pursuant to 38 U.S.C. §4323(h);

G.    Award Plaintiff such other and further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 11, 2026

By: */s/ Miranda L. Gahn*
Miranda L. Gahn
Florida Bar No. 1060528
Brian J. Lawler (*Pro Hac Vice pending*)
California Bar No. 221488
**PILOT LAW, P.C.**
4632 Mt. Gaywas Drive
San Diego, CA 92117
Telephone: 866.512.2465

11

mgahn@pilotlawcorp.com
blawler@pilotlawcorp.com
*Counsel Plaintiff Nathan Carter*


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

demands a trial by jury on all issues so triable.

Respectfully Submitted,

Dated: August 11, 2026

By: */s/ Miranda L. Gahn*_____
Miranda L. Gahn
Florida Bar No. 1060528
*Attorney for Plaintiff*

12